UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                                                    CRIMINAL ACTION NO. 3:23-CR-094-BJB

THOMAS GUNTER                                                               DEFENDANT

---

**DEFENDANT GUNTER'S REPLY REGARDING DISCOVERY**

---

Comes the defendant, Thomas Gunter, through counsel, and in response to the Court's

Order (DN 74), makes the following Reply regarding his Discovery requests:

Rule 16 controls the discovery of materials within the Government's possession, custody,

or control regarding defendants. Upon request, Rule 16 requires the Government to disclose,

among other things, a defendant's oral statements made to government agents, a defendant's

written or recorded statements, and information related to expert witnesses the Government

intends to use at trial. Fed. R. Crim. P. 16(a)(1)(A, B, & G). Additionally, Rule 16 requires the

Government to "permit the **defendant to inspect _and_ to copy or photograph** books, papers,

documents, data, photographs, tangible objects, buildings or places, or copies or portions of any

of these items," Fed. R. Crim. P. 16(a)(1)(E) (Emphases added). Undersigned counsel has made

efforts to obtain copies of the video recordings for the defendant, but the United States has

maintained that no copies will be provided, but that instead, the defendant must be transported to

the US Attorney's office to view the multiple hours of recordings. This stance is not compliant

with the plain and clear language of FRCrP 16(a)(1)(E). Nor is it a practical way to prepare a

defense; the logistics of spending multiple hours at the US Atty's office are daunting, if not

impossible. A belief in complete confidentiality between the defendant and his counsel while at the US Attorney's office is difficult to imagine. The usual back and forth between attorney and client as the client scrutinizes and analyzes various aspects of the Discovery would be greatly hampered without access to that Discovery. The rule states that the **defendant** is entitled to **copy** the documents and tangible objects.

Mr. Gunter is charged with twelve counts in the Indictment. (DN 1). Ten of those counts are distribution counts on ten distinct different dates. The video recordings of those alleged buys are essential to preparation of Mr. Gunter's defense. There are also audio recordings essential to the preparation of the defense that the United States has been unwilling to provide copies of. Mr. Gunter will be denied a fair trial if he is not provided copies of the evidence against him.

WHEREFORE, given that the parties cannot informally reach an agreement regarding Discovery without recourse to the Court, Mr. Gunter respectfully requests that the Court order the United States to comply with FRCrP 16(a)(1)(E) by providing copies of the recorded evidence in the case against him.

Respectfully Submitted,

s/ Rob Eggert
Rob Eggert
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
Counsel for Mr. Gunter

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2024, the foregoing Motion was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all attorneys of record.

s/ Rob Eggert
Rob Eggert